# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

————

No. 16-11236
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 30, 2017

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MIGUEL ANTONIO MARTINEZ,

Defendant-Appellant

————

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 4:16-CR-21-2

————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Miguel Antonio Martinez appeals his sentence for his guilty-plea conviction of conspiracy to possess with intent to distribute methamphetamine. He challenges the district court's application of sentencing enhancements under U.S.S.G. § 2D1.1(b)(12) for maintaining a premises for the purpose of manufacturing or distributing a controlled substance and U.S.S.G. § 3B1.1(b) for a role as a manager or supervisor in the conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-11236

While our court reviews the district court's application of the Sentencing Guidelines de novo, *United States v. Villanueva*, 408 F.3d 193, 202-03 & n.9 (5th Cir. 2005), "[a] district court's application of § 2D1.1(b)(12) is a factual finding reviewed for clear error," *United States v. Haines*, 803 F.3d 713, 744 (5th Cir. 2015), *cert. denied sub nom. Iturres-Bonilla v. United States,* 2017 U.S. LEXIS 2871 (May 1, 2017) (No. 16-8544).  We also review for clear error the factual finding that a defendant was a manager or a supervisor under § 3B1.1(b).  *United States v. Rodriguez-Lopez*, 756 F.3d 422, 434-35 (5th Cir. 2014).

For the § 2D1.1(b)(12) enhancement to apply, the drug-related activity "need not be the sole purpose for which the premises was maintained." *Haines*, 803 F.3d at 744 (quoting § 2D1.1(b)(12), comment. (n.17)); *see United States v. Romans*, 823 F.3d 299, 321 (5th Cir.), *cert. denied*, 137 S. Ct. 195 (2016). Martinez presented no evidence to rebut the assertions in the adopted presentence report (PSR) that a principal purpose of the premises was drug distribution.  In light of the unrebutted PSR, *United States v. Alaniz*, 726 F.3d 586, 619 (5th Cir. 2013), the district court's application of the enhancement was not clearly erroneous.

The § 3B1.1(b) role enhancement applies if (1) "the defendant exercised managerial control over one or more of the other participants in the offense" and (2) the offense involved five or more participants or was otherwise extensive.  *Rodriguez-Lopez*, 756 F.3d at 434-35.  Martinez first argues that the district court (1) failed to adequately explain its reasoning and (2) erred by solely relying on the PSR.  However, the district court considered the parties' arguments, allowed the parties to submit evidence, and briefly explained its reasoning, including the unrebutted adoption of the PSR's more detailed findings.  *See Alaniz*, 726 F.3d at 619.  The court's explanation was adequate.

*See United States v. Fraga*, 704 F.3d 432, 439 (5th Cir. 2013).  Martinez has not shown any procedural error.

Nor has Martinez has shown any substantive error in the court's application of § 3B1.1(b).  His distribution of methamphetamine to various co-conspirators, who redistributed the drugs, and his direction of co-conspirators show sufficient "planning and control" over the drug conspiracy.  *See Rodriguez-Lopez*, 756 F.3d at 436; *United States v. Akins*, 746 F.3d 590, 610 (5th Cir. 2014).  Lastly, although Martinez argues that the criminal activity was not "otherwise extensive," the district court ruled that the offense involved five or more participants, and Martinez has not challenged that finding.  As either finding establishes the second element, this portion of his challenge is inadequate to establish error.  *See Rodriguez-Lopez*, 756 F.3d at 434-35; *United States v. Mergerson*, 4 F.3d 337, 348 (5th Cir. 1993).

AFFIRMED.